ANNA CLUSTER *v.* WILLIAM UPTON.
[No. 33, October Term, 1933.]

*Devided November 14th, 1933.*

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Edwin W. Wells, James J. Lindsay,* and *John Y. Offutt,* for the appellant.

*Foster H. Fanseen* and *Charles F. Goldberg,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

On an appeal by a defendant from a judgment for damages from personal injuries sustained by the plaintiff in a collision of automobiles, two rulings are questioned on exceptions taken at the trial; one, the overruling of a motion to terminate the trial for unfair reference to an irrelevant and misleading fact; and the other, the granting of instructions which permitted an allowance of damages for permanency in the effects of the injuries, and the denial of special exceptions to the instructions because of lack of evidence to support a finding of permanency.

During the examination as a witness of the driver of the automobile in which plaintiff was riding, plaintiff's counsel brought out testimony that the defendant, after the accident, had given the witness a slip of paper bearing a telephone number, and the name of some one else that he was to call up. Construing this as a veiled reference to the fact that the defendant was insured against liability such as that being enforced in the suit, a motion to terminate the trial was made because of it. The number and name on the paper were not disclosed to the jury, and are unintelligible when disclosed now. It is difficult to imagine any purpose in referring to the paper other than the improper one supposed, and there is some possibility that it may have carried to the jury the suggestion feared, and it should not have been brought out; but the possibility of injury from it seems to this court too slender to have required termination of the trial as unsatisfactory, and the court cannot say that the trial court's discretion was improperly exercised. No error is found in the ruling on the motion.

It was testified that, along with some bruises, the plaintiff sustained a fracture, or cracking, of a bone in his right hand, not at a joint; and permanency in the injuries, if any existed, lies there. The plaintiff himself testified that his hand was mashed flat, and he was unable to use it for six weeks, that he still had difficulty with it at the time of trial, eleven months later, and had no grip in it then. A finger was still crooked. A physician produced by him testified that the period of disability in which he was unable to use the hand was six weeks, and there were three weeks of partial disability. The physician added that the man had complained since then of pain, arthritis, and neuritis, in his wrist and hand, and of numb feelings in the hand at various times, and that such pain would be possible. A physician produced by the defendant, on the other hand, testified that he found no condition which would cause the man to complain of recent pain. Such being the evidence, the trial court granted an instruction, in the familiar form, referring to the jury the question whether the injuries were in their nature per-

manent; nad it is objected that there is no evidence from which a jury might find that they were.

Prediction from present conditions of the conditions which will exist in the future may in some instances be made by a jury without the aid of opinions of experts in such matters. Common knowledge would tell them that a lost member is permanently lost (*Congoleum Nairn v. Brown,* 158 Md. 285, 289, 148 A. 220), and there may be conditions which, while less obviously permanent in their nature, may still, according to common knowledge, be probably so, with such a degree of probability that an adjudication of permanency as a fact may be permissible without expert opinions. *Washington, B. & A. Electric R. Co. v. Cross,* 142 Md. 500, 510, 121 A. 374; *United Laundries Co. v. Bradford,* 133 Md. 363, 367, 105 A. 303. There must, however, be a reliable basis for the adjudication of it as a fact, something beyond mere conjecture, or possibility; and the burden is upon the plaintiff to establish the fact by evidence sufficient to support the finding, if he intends to include permanent injury as an item in the ground of his recovery.

It is doubtful whether, in the testimony of the plaintiff to recent pain, and in that of his physician of complaints of pain and of arthritis and neuritis in the hand and wrist, there is sufficient evidence for an inference of permanency. The physician went no further than to give his opinion that recent pain was possible; he testified to no permanent injury, and was not asked for his opinion on that point. But in the evidence of the crooked finger, exhibited eleven months after the accident, the court and jury may, for all this court can say, have had before them ground for inferring that there was a permanent condition. As it did not cause continued disability, to even a partial extent, it may not have amounted to a great deal, but the finding of permanency may have had some foundation in it. This court, therefore, does not see in the instructions allowing a finding of permanent injury any error necessitating a retrial.

*Judgment affirmed, with costs.*