Doris Bormann, Administrator of the Estate of Abraham Bormann, Plaintiff-Appellee, v. George Hillebrand, Defendant-Appellant.

Gen. No. 61–O–16.

Fourth District.

January 26, 1962.

Rehearing denied February 27, 1962.

William M. Wolff, of Murphysboro, and Franklin, Garrison & Bleyer, of Marion, for appellant.

Grover Holmes, of Metropolis, and Donald R. Mitchell, of Murphysboro, for appellee.

CULBERTSON, J.

This is an appeal from a judgment of the Circuit Court of Massac County in favor of plaintiff, Doris Bormann, as Administrator of the Estate of Abraham Bormann, deceased, as against George Hillebrand, defendant, in the sum of $25,000, by reason of the wrongful death of the decedent, Abraham Bormann. The death resulted from the collision of the car being driven by the decedent with a guardrail and concrete abutment of a bridge on a blacktop road, which it was contended, resulted from the circumstance that defendant negligently increased the speed of his vehicle to a very high rate of speed when being overtaken by the decedent and failed to give way in favor of the overtaking vehicle after being given an audible signal

of the intention of the decedent to pass the defendant. On appeal in this Court defendant contends that there is no evidence of negligence on part of the defendant and that the evidence is insufficient to prove that the decedent was in the exercise of due care for his own safety.

The accident in question occurred at approximately 5:30 p. m. on April 30, 1959 on a day that was clear and when the highway was dry. The decedent and the defendant were driving north on the blacktop road going to their respective homes. Both cars had passed another automobile about a mile or more south of where the decedent's car collided with the bridge. Decedent was driving his own car and his son was riding with him. Defendant was driving a car and his half-brother was riding with him. While there was some conflict as to the evidence, viewing the evidence most favorably to the plaintiff establishes the fact that the decedent blew his horn to indicate he was passing, and as he started to pass, the other car of the defendant speeded up to keep him from passing. The defendant then slowed up again, ostensibly, to see if decedent would pass again, and when decedent started to pass again defendant again speeded his car up so that he could not pass, and, prior to that time, actually turned back to laugh or smile at decedent. Decedent did not lose control of his car at any time, but apparently as he tried to pass the last time, defendant's car came over a little toward the decedent's car so that decedent was forced into the guardrail at the left side of the road and struck the concrete abutment, causing the death of the decedent. The decedent was 34 years old, and in good health, and left a widow and four minor children surviving. This evidence is substantially corroborated by the testimony of a witness in the car which had been passed by both automobiles. The decedent's car apparently did not actually collide

with defendant's car although they were so close that the witness to the rear thought that both cars had collided.

■ ■ The questions of negligence and contributory negligence are basically questions of fact to be determined by a jury, and this determination on the record before us cannot be disturbed by the reviewing court, since this Court will not substitute its judgment for that of the jury as to these matters (Geraghty v. Burr Oak Lanes, Inc., 5 Ill2d 153, 125 NE2d 47; Pennington v. McLean, 16 Ill2d 577, 158 NE2d 624; Zank v. Chicago, R. I. & P. R. Co., 17 Ill2d 473, 161 NE2d 848). The questions of negligence and of due care on part of the deceased were therefore matters exclusively within the province of the jury and were properly for the jury's determination on the record before us.

In connection with the questions arising in the course of the trial, there was a conflict of evidence as to whether an audible signal was in fact given. There was evidence to the effect that a horn was sounded by decedent on both occasions when he sought to pass defendant's car and it was not necessary that proof be made that such signal was actually heard by defendant under such circumstances (Raymond v. Haught, 102 Ohio App 337, 143 NE2d 731). The jury had the right to determine whether the signal in the exercise of ordinary care should have been heard and it was not necessary that a showing be made that it actually was heard. The conflict between the evidence as to a signal being given and the contradictory evidence that no signal was heard was one for the jury to resolve (Werner Transp. Co. v. Zimmerman, 201 F2d 687).

Under the provisions of the Illinois Revised Statutes, Chapter 95½, Section 153 (1959 Illinois Revised Statutes), the driver of a vehicle which is being overtaken

487

by another vehicle seeking to pass is required to give way to the right in favor of the overtaking vehicle, and the vehicle being overtaken should not increase its speed until it is completely passed by the vehicle which is passing. There was evidence in the case before us that the speed of defendant's vehicle was increased on both occasions when decedent sought to pass, and that defendant not only increased the speed of his automobile on both occasions but moved over some three feet toward decedent's automobile on the last occasion, thereby apparently forcing decedent off the highway and causing his death.

While at one time there was a statute of this State which prohibited the passing of an automobile within a certain distance of a bridge (Chapter 95½, 1955 Illinois Revised Statutes, Section 155), that statute was repealed and there is no basis for finding, as a matter of law, that decedent was not in the exercise of due care because he was attempting to pass near the bridge. The blacktop road upon which decedent was driving was at least 16 feet wide and the driveable portion of the bridge was 19 feet wide. The distance between the concrete abutments was 20 feet. As we have indicated previously, it was a question of fact for the jury to determine whether decedent under the facts and circumstances in attempting to pass was in the exercise of due care. As the courts of review in this State have repeatedly observed on motions by defendant for directed verdict and for judgment notwithstanding the verdict, the only question which the Court can determine is whether there is any evidence fairly tending to support the plaintiff's cause of action. The circumstance that witnesses for plaintiff may not agree in all particulars does not deprive plaintiff of a right to recover since the jury has the right to determine wherein the truth lies (People v. O'Grancy, 339 Ill 263, 171 NE 143). In any event in consider-

ing the motion, only the evidence favorable to the party against whom it is made should be considered (Bay Island Drain. & Levee Dist. No. 1 v. Nussbaum, 388 Ill 131, 56 NE2d 615; Bartolucci v. Falleti, 382 Ill 168, 46 NE2d 980).

■ ■ As we have stated in Robinson v. Kathryn, 23 Ill App2d 5, 161 NE2d 477 unless there is no substantial evidence of freedom from contributory negligence and if the evidence presented by plaintiff, taken in its most favorable light and with all reasonable intendments in support thereof, is not sufficient to justify a verdict, only then would the Trial Court be justified in directing a verdict on either the issue of contributory negligence or failure to prove negligence on part of the defendant. On the record before us, therefore, it is apparent that with all the evidence, considered in its aspect most favorable to plaintiff, the verdict of the jury is supported by the evidence and the law, and the judgment of the Circuit Court of Massac County should, therefore, be affirmed.

Affirmed.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.