BAILEY et vir. *v.* WRAY, et al., Etc.

[No. 122, September Term, 1962.]

*Decided January 11, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Amos I. Meyers,* with whom was *Paul L. Wilkins* on the brief, for appellants.

*Joseph P. Rieger* and *Joseph W. Spector* for appellees.

PRESCOTT, J., delivered the opinion of the Court.

Plaintiffs below appeal from a judgment entered upon a jury's verdict in favor of the defendants.

Three questions are presented for determination: (1) Did the trial court err in refusing to admit a photograph into evidence?; (2) Did the court commit prejudicial error in refusing to declare a mistrial?; and (3) Was the court in error in instructing the jury on the law relating to contributory negligence?

The plaintiffs, a husband and wife, occupied the first floor of a three-apartment building, owned and operated by the defendants. The owners maintained and controlled a hallway and vestibule leading to the street, for use by the occupants of all three apartments. There are two marble steps that lead down to the vestibule from the hallway. Plaintiffs claimed that the defendants carelessly permitted the top step to get into an improper condition, which caused the wife to fall and injure herself.

I

The slab of marble on the top step was cracked, and had been cracked during the four years' occupancy of the apartment by the plaintiffs. During the course of the trial, plaintiffs offered five photographs of the accident scene—all of which portrayed the condition of the top step. Four were admitted, but the trial court refused to admit the fifth, because it did not profess to represent the condition of the step at the time of the wife's injury, but showed a portion of the step pulled forward and displaced, which had been deliberately done in order to photograph it in that position.

There are many reasons why this ruling of the court was correct. We shall name several. In the first place, the admissibility of photographic evidence is largely in the discretion of the trial court. In addition, there were four other pictures of the step that were received into evidence. It can scarcely be seriously argued that it was prejudicial error to refuse to admit a fifth photograph, when there were four others, all showing the condition of the top step, that were admitted. Moreover, the proffered photograph was not offered as a true representation of the condition of the step at the time of the accident, but a portion of the step had been intentionally moved in order to photograph it. Furthermore, the witness, who took the photographs, testified in detail as to the moveability of a part of the step, a fact which the photograph was supposed to demonstrate. We hold there was no error here.

## II

One of the defendants was called to testify, and on cross examination he was asked if he and his brother (the defendants) had not purchased the property in which the plaintiff wife was injured. He replied: "We own it together and the houses we do buy when I say own we owe more on them than we have ......." Counsel for the plaintiffs moved to strike. The court stated: "I will ask the witness to answer the questions as they are presented and not attempt to elaborate on his personal holdings and the manner in which they are held." Whereupon counsel for the plaintiffs asked leave to approach the bench where he moved for a mistrial, which was denied.

There can be little doubt that the financial standing of the defendants in this type of case was immaterial. The court should have stricken the answer, and instructed the jury not to consider it. However (although the court's ruling could have been more direct and specific), we think the judge, in effect, informed the jury that they were not to consider the answer in his statement quoted above. And a trial judge is not warranted in declaring a mistrial for every inadvertent, immaterial reply given by a witness. To justify such action, the reply must be of such a prejudicial nature that the harm done cannot be effectively and adequately cured by an instruction

from the court. As the *nisi prius* judge conducts the trial and has his "finger on the pulse" of the situation, the matter of whether such prejudicial harm has been done as to require a mistrial lies within the discretion of the trial judge, and this discretion will not be interfered with, unless it is abused. We hold that there was no abuse of discretion here. This conclusion is bolstered by a realization that the remark objected to, if harmful at all, would have been more likely to have affected the amount of damages awarded to the plaintiffs, rather than the liability of the defendants, and the jury found no liability.

### III

The appellants' last contention is that "in the case at bar there is no evidence alleging, purporting or indicating that the plaintiff was in any way contributorily negligent in the happening of this accident." We are unable to agree. The husband testified he had warned his wife, at least three weeks before she fell, of the loose and unsafe condition of the step; and he further stated that anyone who "tread upon this particular step" would know that it was loose, and both he and his wife continued "to use that manner of going in and out of the house." In the light of this testimony, it is obvious that the court was correct in instructing the jury on the law of contributory negligence; and, after an examination and consideration of the charge as a whole, we think the jury was fairly and fully instructed upon that branch of the law.

*Judgment affirmed, with costs.*