DELPH ET AL. *v.* AMMONS ET AL.

(Two Appeals in One Record)

[No. 394, September Term, 1964.]

*Decided August 3, 1965.*

664

The cause was argued before HAMMOND, HORNEY, MAR-BURY, OPPENHEIMER and BARNES, JJ.

*Edward P. Camus* for Kenneth L. Stockdale, one of the appellants.

*Edward C. Donahue,* with whom were *Donahue, Ehrmantraut & Mitchell* on the brief, for William Delph, the other appellant.

*Keith L. Seegmiller,* with whom was *William L. Irvin* on the brief, for the Ammons, two of the appellees.

*William H. Clarke* for the Chews, the other appellees.

MARBURY, J., delivered the opinion of the Court.

We are presented with two appeals in two law actions which were consolidated for trial below. Plaintiffs, Charles Ammons and his wife Virgie, and Kenneth Stockdale instituted suits for recovery for personal injuries and property damages against the defendants, William Delph, his mother Alice, and Daniel Chew and his wife Dorothy, in the Circuit Court for Montgomery County. A directed verdict was granted by the trial court as to Alice Delph but the correctness of this action by the court is not before us since there was no cross-appeal as to her. The cases were subsequently sent to the jury as to William Delph, Daniel and Dorothy Chew, and verdicts were re-

turned in favor of Kenneth Stockdale in the amount of $15,000 and in favor of each of the Ammons in the respective amounts of $5,000. Thereafter, the trial court granted a judgment n.o.v. in favor of both of the Chews, and entered judgment absolute upon the verdicts in favor of Stockdale and the Ammons. A joint appeal was taken by William Delph and Kenneth Stockdale, appellants, against Charles and Virgie Ammons, and Daniel and Dorothy Chew, appellees.

At approximately 4:10 p.m. on March 12, 1962, Virgie Ammons was driving a vehicle south on Route 124 in Montgomery County. William Delph at that time was operating a vehicle traveling north, and while attempting to pass an automobile driven by Dorothy Chew, owned by her husband, Daniel Chew, Delph collided head on with the Ammons car. At the time of the accident Daniel Chew was sitting in the rear seat of his car and was returning to his home after being picked up by his wife. There was no contact by the Chew vehicle with the other two cars. Charles Ammons was a passenger in the automobile operated by his wife, and Kenneth Stockdale was a passenger seated next to Delph in his automobile. The record discloses that Route 124 is a macadam road with one northbound and one southbound lane.

Officer Burdette of the Montgomery County Police Department testified that when he arrived at the scene, he found that the Delph car had been involved in a head on collision with the Ammons car completely within the southbound lane in which Mrs. Ammons had been driving. The Chew vehicle was parked 600 feet north of the point of impact. Mrs. Chew told the officer that when the Delph car attempted to pass her, she saw the Ammons vehicle coming south, so she increased her speed to let the Delph car "fall in behind her." The officer's investigation revealed that the point of impact was 63 feet north of where the "no passing zone" began. Stockdale told the investigating officer that Delph had tried to pass the Chew vehicle on several occasions, and each time Mrs. Chew increased her speed.

Charles Ammons testified that he noticed the Delph vehicle trying to pass the Chew car, and as it did the Chew vehicle sped up. Mrs. Ammons testified that it looked as though the Chew car did not want the Delph vehicle to pass it. Delph

stated that on two prior occasions when he tried to pass the Chew car, it accelerated and he could not complete the passing. He testified that he could have passed safely if she had not increased her speed. The record shows that he and Mrs. Chew were friends and at the time of the trial he had married her daughter. Mrs. Chew admitted that she knew Delph was behind her and that on both prior occasions she did increase her speed when he was attempting to pass her.

Other witnesses testified to substantially the same happenings as described above. On this appeal, the appellants contend that there was legally sufficient evidence of such probative value to raise a jury question as to the negligence of Daniel and Dorothy Chew and thus the trial court erred in granting a judgment n.o.v. in their favor. Delph, in addition, contends that the court below erred in instructing the jury as to impairment of the Ammons' earning capacity.

In this case although there was sufficient testimony to sustain the finding of the jury that Delph's negligence was a proximate cause of the accident, there was also evidence justifying the jury's finding of negligence on the part of the Chews and that their negligence contributed to and was a concurring proximate cause of the accident. Negligence which constitutes a proximate cause of an injury need not necessarily be the sole cause. We have held that it is enough to show that the defendant's negligence is an efficient and contributing cause of the injury, without which the injury would not have resulted, despite the additional negligence of another motorist. See also *Aravanis v. Eisenberg*, 237 Md. 242, 257-258, 206 A. 2d 148; *Yellow Cab Co. v. Hicks*, 224 Md. 563, 168 A. 2d 501; *Dorschel v. Tzomides*, 214 Md. 341, 135 A. 2d 417. In the record before us, the uncontradicted facts testified to by all parties and witnesses show that Dorothy Chew increased her speed notwithstanding the fact that she knew of the presence and the intent of the driver of the passing Delph car. Code (1957), Article 66½, Section 219 (b) provides in part:

"* * * the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his

vehicle until completely passed by the overtaking vehicle."

This section sets forth with clarity the duties and responsibilities of the overtaken vehicle to the overtaking vehicle. Notwithstanding the fact that there was no evidence that Delph, before attempting to pass, sounded his horn, this statute does not require that in every instance an overtaking vehicle must give an audible signal before passing. Whether it is reasonably necessary under the circumstances to sound a horn depends upon the facts in each case. *Smith v. Associated Transport,* 211 Md. 134, 126 A. 2d 584. The evidence was clear that Mrs. Chew knew both on this and two prior occasions, that the Delph vehicle was attempting to pass.

Although we have not been presented with a factual situation similar to that involved in the instant case, other jurisdictions have held that the question of negligence of the overtaken car in speeding up is one for the jury to decide. In *Bormann v. Hillebrand,* 180 N. E. 2d 42 (Ill. 1962), the Court held that the case was properly submitted to the jury. The facts in this case were similar to the case at bar. A driver of a passing car was killed when it went out of control and struck an abutment while trying for a third time to pass the defendant's car which speeded up to prevent the passing. Under like circumstances in *Stark v. Rowley,* 187 Atl. 509 (Pa. 1936), where the lower court denied the defendant's (overtaken driver) motion for judgment n.o.v. after the jury returned a verdict in favor of the plaintiff (oncoming driver), the Supreme Court of Pennsylvania said that the defendant's conduct violated the statute prohibiting an increase in speed on the part of the driver being overtaken and passed, and that the testimony supported the jury's conclusion that the accident was brought about as a result of the defendant's negligent behavior in accelerating her speed to prevent passing.

In deciding whether to grant a motion for judgment n.o.v. in favor of a defendant, the court should resolve all conflicts in the evidence in favor of the plaintiff and assume the truth of all evidence and such inferences as may reasonably be deduced therefrom which tend to support the right of the plaintiff

to recover. *Hogan v. Q.T. Corporation,* 230 Md. 69, 185 A. 2d 491. Here there was evidence from which the jury could have found that Mrs. Chew was negligent, and that her negligence created a condition which set the stage for the wrongful conduct of Delph. The case presented factual issues which were properly submitted to the jury for its determination, and the court below was in error in granting the motion for judgment n.o.v. For this reason the judgment n.o.v. must be vacated and the original verdicts reinstated and judgments entered thereon for the plaintiffs below.

We find no error in the trial court's instruction to the jury as to impairment of earning capacity of Charles and Virgie Ammons as claimed by appellant Delph. The Ammonses at the time of the accident were self-employed as operators of a nursing home owned by them. By reason of the injuries sustained in the accident, their ability to perform their regular duties in the nursing home was impaired. The record indicates that it was six months before Mr. Ammons could resume his duties and that he still could not lift a patient, and additional help had to be employed. Mrs. Ammons testified that after the accident she was unable to take care of the patients and that, although she could have obtained enough patients to maintain the maximum of fifteen, as patients left she did not accept others so that the number decreased to only nine or ten by the end of the year. Damages may be awarded for loss of earning capacity. Such loss may be measured by actual earning capacity as shown by work performed in the past. *Ihrie v. Anthony,* 205 Md. 296, 107 A. 2d 104.

> *Judgment n.o.v. vacated and judgments on original verdicts reinstated and as reinstated affirmed. Costs below and in this Court to be paid one-third by appellant Delph and two-thirds by appellees Daniel and Dorothy Chew.*