## BROOKS *v.* DALEY ET AL.

[No. 132, September Term, 1965.]

*Decided April 5, 1966.*

The cause was argued before HAMMOND, HORNEY, MAR-BURY, BARNES and McWILLIAMS, JJ.

*Howard J. McGrath,* with whom was *Thomas J. Scanlon* on the brief, for the appellant.

*Edward P. Camus,* with whom was *Hal C. B. Clagett* on the brief, for the appellees.

BARNES, J., delivered the opinion of the Court.

This is an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff-appellee, Miles Ferris Daley, and also in favor of the third-party defendant-appellee, Mary E. Schaaf. Daley sought damages for personal injuries arising from a chain-type automobile accident. Daley's automobile was struck from behind by a vehicle operated by Mrs. Schaaf. A car driven by the defendant-appellant, Clarence Brooks, struck the rear of Mrs. Schaaf's automobile which in turn struck the rear of Daley's car a second time.

Daley filed two actions in the Circuit Court for Prince George's County for personal injury damages—Law No. 22,527 against Mrs. Schaaf as defendant and Law No. 22,528 against Mr. Brooks. The two cases were consolidated for trial; however, Mrs. Schaaf settled Law No. 22,527 with Daley and an order of satisfaction was filed on the day of trial entering the case against Mrs. Schaaf as settled, dismissed and satisfied. Law No. 22,528 against Mr. Brooks came on for trial before Judge

Loveless and a jury with Mrs. Schaaf impleaded as a third-party defendant on a claim for contribution, if a judgment was entered against Brooks. The trial court refused to allow any evidence of the settlement in Law No. 22,527 to be presented to the jury at the trial of Law No. 22,528.

At the trial, Daley claimed that all of his injuries were caused by Brooks, i.e. he was injured not upon the first impact when Mrs. Schaaf's automobile struck the rear of his car, but upon the second impact when Mrs. Schaaf's automobile was struck by Brooks' car and driven again into the rear of the Daley vehicle.

Upon cross-examination, Brooks' attorney attempted to impeach Daley's credibility by confronting him with answers he made to interrogatories propounded by counsel for Mrs. Schaaf in Law No. 22,527 in which Daley listed as against Mrs. Schaaf the same damages he claimed at the trial against Brooks. Counsel for Brooks and Mrs. Schaaf took a consolidated deposition of Daley and in answer to the question "What injuries did you receive as a result of the first impact?", Daley stated:

> "I received a neck injury. I cannot say, and I don't believe a doctor can either, whether it was from the first or second impact that caused it."

This answer to the question in the deposition was also admitted into evidence at the trial in order to point out the inconsistent position taken by Daley before trial as compared with his insistence at the trial that his injuries resulted from the second impact, i.e. Brooks' negligence rather than Mrs. Schaaf's.

Two eye-witnesses testified at the trial on behalf of Daley. Edward F. Davis, not a party to any of the law actions mentioned above, testified that he brought his car to a stop at a traffic light in front of Daley's automobile. Mrs. Schaaf's car then struck Daley's. Davis felt a "slight jolt" which didn't move his car. The car behind him was pushed into his bumper. As Davis was alighting from his automobile after the first impact, he felt a "terrific crash" and his car was "jolted" forward into the rear of the car that had been stopped in front of him.

James E. Holson, who was not involved in the accident, was called as a witness for Daley and testified that he observed

Mrs. Schaaf's car hit the Daley automobile, but "it wasn't nothing to amount to anything". Then, six to ten seconds later, the Brooks car "came and plowed in and hit into the back of her [Mrs. Schaaf]". The Brooks car was "going very fast." Photographs of Daley's car showed it to be totally demolished as a result of the accident.

Dr. Charles Farwell, the treating physician for Daley, was called as a plaintiff's witness. He testified that Daley, in giving him the history of the accident, stated "he was stopped and his car was struck from the rear and shortly thereafter struck again, and the second impact was much worse * * *."

Brooks called no witnesses; but he testified on his own behalf and stated that although he struck the rear of Mrs. Schaaf's car, the front of her car did not touch the rear of Daley's automobile. Brooks' testimony was contradicted by the eyewitness account of Mr. Davis, who testified for Daley.

At the close of the plaintiff's case, Brooks moved for a directed verdict "on the ground that there was no showing of proximate cause of the injuries resulting from an accident by Mr. Brooks." This motion was denied by the trial court. The motion was renewed by Brooks at the conclusion of the trial and was again denied. The jury, after considering the case, returned its verdict for Daley and against Brooks. When questioned concerning a verdict against Mrs. Schaaf the foreman stated that all liabilities were assessed against the defendant Brooks and no liability was found as against the third-party defendant, Mrs. Schaaf.

Brooks asserts numerous contentions on this appeal. They are as follows:

I. The trial court erred in denying Brooks' motion for a directed verdict since there was insufficient evidence to go to the jury on the question of whether Daley's injuries were proximately caused by the negligence of the defendant Brooks;

II. The trial court erred in denying Brooks' request for a continuance at the commencement of the trial so that he could obtain a copy of the order of satisfaction filed in Law No. 22,527 and "determine the legal effect" of the document "for use in the trial" of the case;

III. The trial court erred in refusing to allow any evidence

of the settlement in Law No. 22,527 to be presented to the jury, since Brooks sought to introduce evidence of the settlement for the purpose of impeaching the credibility of Daley's testimony by showing that the settlement of Law No. 22,527 caused Daley to change his account from that given in the deposition to testimony exonerating Mrs. Schaaf and suggesting that Brooks alone caused all of his injuries;

IV. The trial court erred in omitting from its charge to the jury an instruction requested by Brooks' counsel, "that where there is a party to an action in this case, such as Mrs. Schaaf, who was present at the scene of the accident and could give testimony as to the happening of the accident and has failed to appear in Court to give such evidence, there is a presumption that such evidence, which she would give, would be unfavorable";

V. The defendant Brooks was prejudiced and entitled to a mistrial because of the cumulative effect of improper comments made by plaintiff's witnesses and counsel for the third-party defendant, Mrs. Schaaf.

We find that none of these contentions justifies a reversal of the judgment entered in the lower court.

## I.

Counsel for defendant Brooks moved for a directed verdict on the ground that there had been no showing of credible or substantial evidence that the injuries complained of were caused by the second impact and that the only testimony substantiating the claim that Brooks' negligence was the proximate cause of Daley's injuries was that of Daley himself. Brooks argues that Daley's testimony was impeached and rendered ineffective on cross-examination because of Daley's answers to questions propounded in a pre-trial deposition in which he stated that he did not know whether his injuries were caused by the first or second impact. The appellant urges us to apply the rule that if a witness says in one breath a thing is so and in another breath that it is not so, then his testimony is too contradictory to have any probative value and a jury will not be allowed to speculate as to which version of the witness' testimony to select as being true. See *Kucharczyk v. State*, 235 Md. 334, 201 A. 2d 683 (1964).

We have held many times, however, that the rule· divesting inconsistent testimony of any probative weight applies only to the testimony of a witness given at the trial; and the rule is inapplicable if his testimony conflicts with statements made before trial, or· at another trial or other legal proceeding. *Dayton v. Davis,* 218 Md. 614, 147 A. 2d 699 (1959); *Bond v. Forthuber,* 198 Md. 476, 84 A. 2d 886 (1951); *Baltimore Transit Co. v. Castranda,* 194 Md. 421, 71 A. 2d 442 (1950); *Foble v. Knefely,* 176 Md. 474, 6 A. 2d 48 (1939). In two·previous cases we specifically held that if "inconsistency appears between statements in a pre-trial deposition and testimony at the trial, the weight and credibility of the testimony are for the jury." *Safeway Trails, Inc. v. Smith,* 222 Md. 206, 215, 159 A. 2d 823 (1960); *Campbell v. State,* 203 Md. 338, 100 A. 2d 798 (1953).

In addition to Daley's testimony that his injuries were the result of the second impact caused by the defendant, Brooks, the jury could have considered the testimony of Mr. Davis and Mr. Holson to the effect that the force of the first impact was minimal and the second impact occurred with "tremendous force". In denying Brooks' motion for a directed verdict the trial court was passing on the legal sufficiency of the evidence. The court assumed the truth of the evidence and all its permissible inferences, most favorable to the plaintiff. We cannot say that the refusal to take the case away from the jury constituted reversible error. *Delph v. Ammons,* 239 Md. 662, 212 A. 2d 504 (1965); *Bond v. Forthuber, supra.*

## II and III

Brooks was not prejudiced by the trial court's refusal to grant his request for a continuance in order to "determine the legal effect" of the settlement "for use in the trial" of Law No. 22,528. Brooks contends that he should have been allowed to plead the release and the consideration paid to purchase it in order to reduce the recovery against him.

Maryland has adopted the Uniform Contribution Among Tort-feasors Act. Code (1957), Art. 50, §§ 16-24. Section 19 of the Maryland Act provides that:

> "A release by the injured person of one joint tort-
> feasor, whether before or after judgment, does not dis-

charge the other tort-feasors unless the release so provides; but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid."

If the jury had found the third-party defendant, Mrs. Schaaf, jointly liable along with the defendant Brooks, then Brooks would have been entitled to a reduction in the amount of the judgment owed Daley equal to the amount of the consideration paid by Mrs. Schaaf to purchase her release. If the third-party defendant, who purchased the release, was found to be not negligent, as was the situation in this case, then the defendant must pay the entire judgment and is not entitled to any reduction in the verdict. *Swigert v. Welk*, 213 Md. 613, 133 A. 2d 428 (1957).

The trial court was correct in ruling at the commencement of the trial that the jury should not have been informed of the settlement. The method of letting the jury apply prior payment in reduction of the verdict against a joint tort-feasor who had not settled with the plaintiff, is far less satisfactory than that of having the court make the necessary reduction at the conclusion of the trial.

The Commissioners' Note to §4 of the Uniform Contribution Among Tortfeasors Act (§19 of the Maryland Act) states that the method of having the trial court reduce the verdict is more desirable than that of delegating this function to a jury. A jury should not be informed of a settlement since that fact would only tend to mislead them in their deliberations in arriving at a just verdict, and could be construed incorrectly as an admission of liability on the part of the settling third-party defendant. *Martello v. Hawley*, 300 F. 2d 721 (D. C. Cir. 1962); *Walton v. Tull*, 234 Ark. 882, 356 S. W. 2d 20 (1962).

Brooks contends that evidence of Mrs. Schaaf's settlement with Daley should have been admitted for the purpose of impeaching the credibility of his testimony at trial. Brooks sought to show that the settlement with Mrs. Schaaf caused Daley to change his story in order to insure recovery against Brooks, who had not settled.

Brooks used Daley's statements made in answer to questions propounded in interrogatories and a pre-trial deposition in order to impeach the credibility of Daley's testimony at the trial. Although evidence of a settlement with the third-party defendant would have provided an additional means for attacking Daley's credibility, the trial court was justified in excluding any reference to a settlement because of the confusion it could have caused the jury in assessing damages. There existed, moreover, a very real possibility that the settlement could have been misconstrued as an admission of liability by Mrs. Schaaf. *Walton v. Tull, supra; Sleck v. Butler Bros.,* 53 Ill. App. 2d 7, 202 N. E. 2d 64 (1964) ; *McCallum v. Harris,* 379 S. W. 2d 438 (Ky., 1964) ; *Skyline Cab Co. v. Bradley,* 325 S. W. 2d 176 (Tex. Civ. App. 1959). *Cf. Tregellas v. American Oil Co.,* 231 Md. 95, 188 A. 2d 691 (1963). See also *McCormick on Evidence,* § 252, page 542.

## IV.

Brooks contends that since Mrs. Schaaf failed to take the stand and testify on her own behalf, the jury should have been instructed to infer that any testimony which she would have given would have been unfavorable to her.

We have held that where a party refuses to take the stand to testify as to facts peculiarly within his knowledge, the trial court or jury may infer that the testimony not produced would have been unfavorable. *Chalkley v. Chalkley,* 236 Md. 329, 203 A. 2d 877 (1964) ; *Dawson v. Waltemeyer,* 91 Md. 328, 46 Atl. 994 (1900). The unfavorable inference applies, however, only where it would be most natural under the circumstances for a party to speak, call witnesses, or present evidence.

In *Turner's Executor v. Turner,* 98 Md. 22, 55 Atl. 1023 (1903), this Court held that where the defendants were the only living parties to an agreement, withholding evidence which it was in their power to produce resulted in the inference that the evidence, if produced, would have been unfavorable. It was held in *Keller v. Gill,* 92 Md. 190, 48 Atl. 69 (1900) that the defendants' silence and failure to deny "gross charges of fraud" was little more than evidence of their guilt. Likewise, in *Berger v. Bullock,* 85 Md. 441, 37 Atl. 368 (1897), our predecessors

said that the failure to deny charges of fraud is tantamount to an admission of the truth of those charges.

Professor Wigmore states the rule in regard to permissible inferences to be drawn from a party's failure to testify as follows:

"It would be generally agreed, to be sure, that the mere fact of the party's failure to testify is not of itself open to inference; it is his failure when he could be a useful and natural witness * * * that is significant." (2 *Wigmore on Evidence* (3rd ed.), §289, page 173).

See also *McCormick on Evidence,* §249, pages 533-534.

In *Joppy v. Hopkins,* 231 Md. 52, 188 A. 2d 545 (1963), we held that an unfavorable inference would not arise from the failure of a party to call a witness where there was no showing that this additional testimony would have been other than cumulative to that already presented in the party's favor. See also *Critzer v. Shegogue,* 236 Md. 411, 204 A. 2d 180 (1964). The testimony of Daley and two other witnesses, called on his behalf, tended to exonerate Mrs. Schaaf from negligence which was the proximate cause of the plaintiff's injuries. If Mrs. Schaaf took the witness stand on her own behalf we can only assume that she would have corroborated what had already been said by three other competent witnesses. No facts in this case were peculiarly within her knowledge. Mrs. Schaaf withheld no relevant evidence. Moreover, she lived in Massachusetts and was not well. Her failure to testify under all of the circumstances gave rise to no unfavorable inference.

## V.

A Prince George's County police officer was called as a witness for the plaintiff during the course of the trial. The officer stated that he took Brooks to the station "to be charged." Edward F. Davis, when asked by Daley's counsel if he had any conversation with Mr. Brooks, stated that he asked if Brooks was covered by insurance. Finally, counsel for the third-party defendant, Mrs. Schaaf, asked the police officer upon cross-examination if he detected any odors on the person of Mr. Brooks.

After the officer stated that he had detected the odor of alcohol, counsel for Mrs. Schaaf remarked: "Does that clarify it a little bit more or do you want me to pursue it further?" [emphasized by facial expressions]

Counsel for Mr. Brooks made timely objections to these statements and moved that they be stricken. The trial court instructed the jury to disregard, in turn, the reference to Mr. Brooks having been "charged", the answer concerning Mr. Brooks' insurance coverage, and the remark of Mrs. Schaaf's counsel, accompanied by facial expressions, although the trial court did not observe counsel's alleged facial contortions.

Counsel for Mr. Brooks moved for a mistrial on the ground that the cumulative effect of these improper statements prejudiced the jury beyond any possibility of cure by judicial instruction that they be disregarded. The motion was denied.

The fact that a party may have been convicted in a criminal prosecution is not competent evidence to establish proof of the facts to show negligence in a civil action arising out of the accident which resulted in the criminal conviction. *Eisenhower v. Baltimore Transit Co.*, 190 Md. 528, 59 A. 2d 313 (1948) ; *General Exchange Insurance Corp. v. Sherby*, 165 Md. 1, 165 Atl. 809 (1933). Although evidence of a possible criminal conviction is incompetent, we have never held that such evidence, when brought to the attention of a jury, is so prejudicial that its effect may not be expunged by an instruction to the jury to disregard it.

In *Bricker v. Graceffo*, 236 Md. 558, 564, 204 A. 2d 512, 516 (1964) we held that "a mere inference that there may be insurance would not necessarily require a termination of the trial". See also *Cluster v. Upton*, 165 Md. 566, 168 Atl. 882 (1933). The jury was admonished to disregard Mr. Davis' statement concerning the defendant's insurance coverage. The jury was not informed whether Brooks was covered by insurance or whether he was not insured. No inferences either way could arise from Mr. Davis' statement; and, the mere mention of the word "insurance" certainly would not vitiate the trial.

Improper, inadvertent replies by witnesses and remarks by counsel may generally be cured by reproof of the trial court. "Generally, the choice of measures to protect the fair, unprej-

udiced workings of its proceedings is left to the discretion of the trial court, and only in exceptional cases will its choice of measures be reviewed in this court." *Nelson v. Seiler,* 154 Md. 63, 72, 139 Atl. 564, 567 (1927). In *Bailey v. Wray,* 230 Md. 359, 362-363, 187 A. 2d 101, 103 (1963) Judge Prescott, writing for the Court, said:

> "And a trial judge is not warranted in declaring a mistrial for every inadvertent, immaterial reply given by a witness. To justify such action, the reply must be of such a prejudicial nature that the harm done cannot be effectively and adequately cured by an instruction from the court. As the *nisi prius* judge conducts the trial and has his 'finger on the pulse' of the situation, the matter of whether such prejudicial harm has been done as to require a mistrial lies within the discretion of the trial judge, and this discretion will not be interfered with, unless it is abused."

Under all the circumstances we cannot say that the trial court abused its discretion in refusing to declare a mistrial. The improper statements were not so patently prejudicial that they were not cured by instructions to the jury.

Brooks claims, for the first time here on appeal, that he was prejudiced by a comment made by Mrs. Schaaf's counsel in the presence of the jury to the effect that Law No. 22,527 had been "dismissed", when it actually had been settled. The lower court had ruled prior to the commencement of trial that the jury was not to be informed of the fact that Law No. 22,527, Daley's action against Mrs. Schaaf, had been settled. Counsel for the defendant Brooks persisted in his attempts to introduce evidence of the settlement. During an excited colloquy Mrs. Schaaf's counsel mentioned that Law No. 22,527 had been dismissed.

Even assuming, *arguendo,* that Brooks conceivably could have been prejudiced by this remark, his counsel made no objection to the comment, did not request that it be stricken, or that the jury be instructed to disregard it. Brooks cannot come before us now with this contention when he remained silent until after the conclusion of the trial and he had lost his case.

Maryland Rule 885; *Wilhelm v. Hadley,* 218 Md. 152, 146 A. 2d 22 (1958); *Lynch v. Baltimore,* 169 Md. 623, 182 Atl. 582 (1936).

*Judgment affirmed, with costs.*