Josephine M. **PULVARI**, Plaintiff,

v.

**GREYHOUND CORPORATION,**
Defendant.

Civ. A. No. 118–64.

United States District Court
District of Columbia.

July 24, 1968.

Swingle & Mann, Washington, D. C., for plaintiff.

Wilbert McInerney, Washington, D. C., for defendant.

## ORDER AND MEMORANDUM OPINION

JAMESON, District Judge.

The jury returned a verdict for plaintiff in the sum of $141,600. By order and memorandum opinion entered June 14, 1968, defendant's motion for new trial was denied on condition that plaintiff consent to a reduction of the judgment to $85,000. Plaintiff's consent to the reduction was filed June 18, 1968. Defendant now seeks a credit of $42,500 as the contribution of the joint tortfeasor.

A brief review of the facts is necessary to an understanding of the contentions of the respective parties. Plaintiff sustained personal injuries on February 3, 1963, while riding as a passenger in one of defendant's busses. The bus, as it was traveling south toward Washington on the Washington-Baltimore Parkway, struck an overpass embankment after colliding with a Pontiac automobile traveling north on the wrong side of a divided highway.

On November 13, 1963, plaintiff executed a release of the driver of the Pontiac, Carl L. Davis, in consideration of the payment of $6,289.30. Of the five paragraphs of the release only the second and third require comment in ruling on defendant's motion.[1]

The second paragraph provides that all sums recoverable by the plaintiff against defendant Greyhound Corporation are "hereby reduced and released at least to the extent of the pro-rata share of the said Carl L. Davis * *", but "in the event that the monetary consideration paid for this release is greater than the pro-rata share of the said Carl L. Davis," then plaintiff agreed "to reduce my claim against [defendant], in the amount of the consideration paid for this release, all in accordance with the provisions of the Maryland Uniform Contribution Among Joint Tort Feasors Act".

In the third paragraph it is agreed that the "purpose and intent of this Release is to fully comply with all of the requirements of the Maryland Uniform Contribution Among Joint Tort Feasors Act" and to bar any further claim for contribution against Davis and that "in order to accomplish this purpose and intent" plaintiff's claim for damages against Greyhound "be reduced to whatever extent is necessary in order to bar any possible claim" for contribution from Davis.

In a motion to dismiss and at pretrial conference defendant contended that the maximum recoverable from the defendant was the amount paid for the Davis release, i. e., $6,289.30. The court held against these contentions in denying the prior motions. Defendant now contends that the joint tortfeasors are equally liable for the amount of the judgment and the judgment against the defendant accordingly should be reduced to $42,500. Plaintiff contends (1) that Davis was not a joint tortfeasor and (2) that if he were a joint tortfeasor, the release agreement and the Maryland Act limit the amount of contribution on behalf of Davis to the amount paid in consideration of the release.

Maryland is one of eight jurisdictions which adopted in substance the Uniform Contribution Among Tortfeasors Act, promulgated by the National Conference of Commissioners on Uniform State Laws in 1939.[2] The original

---

1. In other paragraphs the release specifically excepts Greyhound from the release, provides that the payment shall not be construed as an admission of liability on the part of Davis, and agrees to hold harmless Davis and other persons except Greyhound.

2. In Maryland there is no common law right of contribution among joint tortfeasors. Zaccari v. United States, D.Md. 1955, 130 F.Supp. 50, 51.

act was superseded by a new act in 1955, but Maryland still retains the original act.[3] Two sections of the Act are pertinent in determining the effect of the release of Davis executed by plaintiff. They read:

"§ 19. Effect of release on injured person's claim.

"A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides; but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid." Md. Code Anno., 1951 Ed., Art. 50, § 19. (Section 4 of Uniform Act)

§ 20. Effect of release on right of contribution.

"A release by the injured person of one joint tort-feasor does not release him from liability to make contribution to another joint tort-feasor unless the release is given before the right of the other tort-feasor to secure a money judgment for contribution has accrued, and provides for a reduction, to the extent of the pro-rata share of the released tort-feasor, of the injured person's damages recoverable against all other tort-feasors." Md. Code Anno., 1951, Ed., Art. 50 § 20. (Section 5 of Uniform Act)[4]

The problem presented by this motion arises in those cases where, as here, the judgment exceeds twice the amount paid in settlement. Had the judgment been less than twice $6,289.30 (the consideration paid for the release), the amount of the settlement would have been deducted from the judgment pursuant to the release agreement. It is unnecessary to determine whether Greyhound would be liable to Davis for contribution in an amount necessary to equalize the payments. See McKenna v. Austin, 1943, 77 U.S.App.D.C. 228, 134 F.2d 659.

Defendant relies upon Martello v. Hawley, D.C.Cir. 1962, 112 U.S.App.D.C. 129, 300 F.2d 721. While that case is not controlling, among other reasons because it involves the law of the District of Columbia,[5] the court there stated the dilemma involved in deciding between credit in the amount of one-half the judgment or only the amount paid for the release:

"It should be noted that the question posed by this case is not easily answered. Involved are basic principles not readily susceptible of reconciliation with each other. Contribution is a right existing among joint tort-feasors based upon the theory that, as each tort-feasor was at fault in bringing about the injury to the innocent party, then in justice each tort-feasor should share his part in the burden of making the injured party whole again. Moreover, as there is no doctrine of comparative negli-

3. See Handbook of National Conference of Commissioners on Uniform State Laws, 1955, p. 216 ff.

4. Section 5 was not included in the 1955 Act, the report of the Conference saying in part:
   "The effect of Section 5 of the 1939 Act has been to discourage settlements in joint tort cases, by making it impossible for one tortfeasor alone to take a release and close the file. Plaintiff's attorneys are said to refuse to accept any release which contains the provision reducing the damages 'to the extent of the pro rata share of the released tortfeasor,' because

they have no way of knowing what they are giving up. The 'pro rata' share cannot be determined in advance of judgment against the other tortfeasors. In many cases their chief reason for settling with one rather than another is that they hope to get more from the party with whom they do not settle." Handbook National Conference, 1955, p. 224.

5. The District of Columbia is one of the jurisdictions which has recognized the right of contribution among joint tortfeasors without a statute. Handbook, National Conference, 1955, p. 216.

gence in the District of Columbia, there is much to be said for the proposition that this burden should be shared equally by those at fault. However, superimposed upon this theoretically equitable formula is the rule that an injured plaintiff may settle with one or more of the negligent tort-feasors without thereby surrendering the right to recover against the others. It is the friction engendered by the unavoidable interrelationship of these two principles in operation that gives cause for concern." 300 F.2d at 723.

After reviewing prior decisions of the Court of Appeals for the District of Columbia and the Municipal Court of Appeals for the District of Columbia, the court said:

"Accordingly, we now hold in the factual circumstances of this case that when settlement is made with one joint tort-feasor and later a verdict is obtained against the other, and the jury finds that the settling tort-feasor should contribute, then the verdict should be credited with one-half its total amount and the defendant tort-feasor should be required to pay only the remaining balance, namely, one-half the total original verdict." 300 F.2d at 724.

■ It is true of course that the liability of Davis was not judicially determined. The settlement with the Davis estate was effected prior to the filing of this action against Greyhound. It would have been possible for plaintiff to join the Davis estate as a party defendant or for the defendant to have impleaded the estate as a defendant for the purpose of determining the question of Davis' negligence. This was the procedure followed in Swigert v. Welk, 1957, 213 Md. 613, 133 A.2d 428, and Brooks v. Daley, 1966, 242 Md. 185, 218 A.2d 184. The fact that the jury did not

determine the liability of Davis, however, does not preclude his being a "joint tortfeasor" within the meaning of the Maryland statute. The Maryland Code defines "joint tortfeasor" as "two or more persons jointly or severally liable in tort for the same injury to person or property, *whether or not judgment has been recovered against all or some of them.*" Md. Code Anno., 1951 Ed., Art. 50, § 16. (Emphasis added.)

Plaintiff argues that Davis is not a joint tortfeasor since his liability was not determined by the jury and was expressly denied in the release agreement. There is no definition in the statute of "liable". With reference to the meaning of the word "liable" as used in the Act, the court said in Swigert v. Welk, supra, "The act does not specify the test of liability. Clearly, something short of an actual judgment will suffice; we think it equally clear that a denial of liability will not." 133 A.2d at 431.

■ It was the contention of the defendant in both trials of this case that the sole proximate cause of plaintiff's injury was the negligence of Davis. It was plaintiff's contention that Greyhound's driver was also negligent and that his negligence was a proximate cause of the accident. At both trials the case was submitted to the jury on the theory of concurrent negligence.[6] It was undisputed that Davis was intoxicated and driving the wrong way on a divided highway when his vehicle collided with the bus. I find no merit in plaintiff's contention that Davis was not a joint tortfeasor.

■■ The jury was not informed of the settlement between plaintiff and Davis. The fact that the plaintiff had made a recovery from the Davis estate was "entirely irrelevant to the issue of defendant's liability" (Pulvari v. Greyhound Corporation, 1967, 126 U.S.App. D.C. 146, 375 F.2d 322, 324); and also

---

6. The first trial resulted in a jury verdict for the defendant, which was reversed on the ground that the court had improperly admitted evidence that plaintiff had received some payment without permitting plaintiff to show the amount. Pulvari v. Greyhound Corporation, infra.

was irrelevant on the problem of contribution between joint tortfeasors. (Martello v. Hawley, 1962, 112 U.S.App. D.C. 129, 132, 300 F.2d 721, 724). "The method of letting the jury apply prior payment in reduction of the verdict against a joint tort-feasor who had not settled with the plaintiff, is far less satisfactory than that of having the court make the necessary reduction at the conclusion of the trial". Brooks v. Daley, 1966, 242 Md. 185, 218 A.2d 184, 188.

Under section 19 of the Maryland Act the release "reduces the claim against the other tort-feasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid". Under section 20 the release does not release the settling tortfeasor from liability to contribution unless the release (1) is given before the right of the other tortfeasor to secure a money judgment for contribution has accrued and (2) "provides for a reduction, to the extent of the pro rata share of the released tortfeasor, of the injured person's damages recoverable against" the other tortfeasors. The release agreement here specifically provides that all sums recoverable by plaintiff against Greyhound are "hereby reduced and released at least to the extent of the pro rata share of the said Carl L. Davis * * *".

Since there is no law of comparative negligence in Maryland, Davis' pro rata share within the meaning of section 20, supra, is one-half the judgment, or $42,500. This sum being greater than the $6,289.30 paid by Davis in consideration of his release, $42,500 must be subtracted from the $85,000 award according to the terms of the release agreement.

Therefore it is ordered that defendant's motion for credit contribution of joint tortfeasor is granted and judgment for plaintiff is accordingly reduced to $42,500.