SWIGERT *v.* WELK ᴇᴛ ᴀʟ.

[No. 175, October Term, 1956.]

614

*Decided June 10, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Wendell D. Allen,* with whom were *Foster H. Fanseen* and *Allen, Burch & Allen* on the brief, for appellant.

*Grafton D. Rogers,* with whom was *William C. Holland* on the brief, for appellee John E. Welk.

No brief and no appearance for Evelyn Newport, appellee.

PRESCOTT, J., delivered the opinion of the Court.

This is an appeal involving the 1941 Uniform Contribution Among Tortfeasors Act (hereafter referred to as the "Uniform Act"), and other applicable laws of Maryland, from a judgment of the Superior Court of Baltimore City, which granted a summary judgment for costs of suit in favor of a third party defendant in a tort action.

Evelyn Newport sued Harry R. Swigert for damages re-

sulting from a two car collision at the intersection of Arunah Avenue and Longwood Street in Baltimore City. The declaration alleged the plaintiff was riding in the defendant's car going west on Arunah Avenue, that Swigert's car started a short distance east of Longwood Street at 11:00 P. M. and that Swigert failed to put his lights on. Third party defendant Welk was operating a car northerly on Longwood Street at the intersection. Swigert impleaded Welk as a third party defendant for contribution. Swigert filed a general issue plea to Newport's declaration, and third party defendant Welk filed two pleas to the third party complaint for contribution, a general issue plea and a special plea of release with a copy of the release attached. There then followed a series of motions, demurrers and other pleadings unnecessary to be set forth in detail for the decision in this case. During the course of pleading, the plaintiff, Newport, filed an "Admission of Facts", and also a confirmatory release, which Swigert moved to strike from the record. Swigert finally joined issue on the rejoinder filed by Welk to Swigert's amended replication, and Welk filed a motion for a summary judgment. The trial Court granted Welk's motion for a summary judgment, and it is from that judgment that this appeal has been taken.

The trial Court filed a written opinion in ruling on the motion for a summary judgment, and in it he stated his reasons for his ruling, and "ventured" certain suggestions as to the future course of the trial. We are earnestly requested under Rule 885 of the Maryland Rules to pass upon all of the grounds given by the trial Judge for his decision, the suggestions made by him and also the prospective procedure at the future trial, as well as the admissibility *vel non* of possible evidence that may be offered at that time. Without making any present observations on the construction to be placed on Rule 885, it is certain former Rule 9 of the Rules of the Court of Appeals (1955 Ed.), in force at the time this appeal was taken, did not anticipate this broad coverage. While much credit must be given to counsel for the care and thoroughness with which the case was prepared and presented, we feel constrained to render our decision in this case as we would in any other, under like circumstances.

We think the pivotal question to be determined by us was whether the trial Judge was correct in granting the summary judgment, and this includes the subsidiary inquiry as to whether or not it was proper for him to refuse to strike from the file the confirmatory release. We shall limit ourselves to these inquiries, and give the reasons for our conclusions.

The minor dispute will be settled first. When Welk pleaded to the third party complaint, he included in his second plea a resumé of a release obtained by him from the plaintiff, Newport, and attached thereto a copy of the release. This release was defective in form because in a blank space, in which Welk's name should have been inserted, there was actually inserted the amount of the consideration, i. e., $3,500. With Welk's rejoinder to the amended replication there was filed, and referred to therein, an "Admission of Facts" signed by Newport's attorney in which there is stated her intention when she executed the release and her consent to have it corrected. It is not necessary to pass upon the legal effect of the original release and the "Admission of Facts" because the plaintiff, Newport, filed in the case another release, consisting of the same printed form as the original, in which the blank space was properly filled in. It identifies the automobile by date and location and is signed by Newport. This is the release Swigert moved to strike from the file on the ground that he had acquired vested rights to obtain contribution from Welk under the first release, which could not thereafter be defeated by action between Welk and Newport. The simple answer to this argument is that the second release was a mere correction of a clerical error in the first; and the second release did not change the amount of the original consideration or in any material manner alter the intended legal effect of the first. We hold the trial Court was correct in refusing to strike this release from the file of the case.

We proceed to a consideration of the ruling on the motion for a summary judgment. Part Two, IV, Rule 1, of the former General Rules of Practice and Procedure (Now Rule 610 of the Maryland Rules in slightly different form) provided: "In any proceeding at law or in equity, a party asserting a claim * * * or a party against whom a claim is asserted, may at any time make a motion for a summary judgment in

his favor \* \* \* on the ground that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. \* \* \*" As there is no dispute concerning the facts, it remains for us to determine whether Welk was entitled to judgment as a matter of law.

Welk contends the release purchased by him from the plaintiff, and filed in the case, fully complies with sec. 24 (all references to sections hereinafter made apply to Art. 50 of the Maryland Code (1951), unless otherwise specified) and is a complete bar to the cause of action alleged in the third party complaint. Swigert argues that because of the "latent right of contribution on behalf of Swigert against Welk", and the effect that Welk's presence in the case may have upon the amount of any verdict against him in favor of the plaintiff, it is necessary that Welk remain as a party for the trial of the case.

We hold the trial Judge was in error when he granted the summary judgment, which released Welk from further participation in the case. Article 50 of the Maryland Code (1951) reads, in part, as follows:

"Sec. 21 (Right of Contribution; Accrual Pro Rata Share.) (a) The right of contribution exists among joint tortfeasors.

"(b) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.

\* \* \*

"Sec. 23. (Release: Effect on Injured Person's Claim.) A release by the injured person of one joint tortfeasor, *whether before or after judgment,* does not discharge the other tortfeasors unless the release so provides; but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, *if greater than the consideration paid.*

"Sec. 24. (Release: Effect on Right of Contribution.) A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another joint tortfeasor unless the release is given *before the right of the other tortfeasor to secure a money judgment for contribution has accrued,* and provides for a reduction, to the extent of the pro rata share of the released tortfeasor, of the injured person's damages recoverable against all other tortfeasors." (Italics supplied.)

The release contains these paragraphs:

"IT IS UNDERSTOOD AND AGREED that the payment of said amount by the said Payer (s) is not to be construed as an admission of liability on the part of said Payer (s), but that said payment is in compromise and settlement of my (our) claim which is not admitted but is denied and disputed by said Payer (s); * * *"

"I/we further agree that all claims or damages recoverable by me/us against all other persons, firms or corporations, jointly or severally liable to me/us in tort for my/our said damages, are hereby reduced, to the extent of the statutory pro rata share of said John E. Welk under the Uniform Contribution Among Tortfeasors Act, of all such damages so recoverable by me/us against all such other joint tortfeasors."

There is no contention that it was not obtained "before the right of the other tortfeasor to secure a money judgment for contribution" had accrued, and there was thus included *verbatim* the other requirement or condition of sec. 24. It is clear the release fully complies with this section, and is also within the provisions of sec. 23, if Welk is a tortfeasor. This, however, is denied in the release. Swigert and Welk both admit the release was duly executed by Newport. There was also filed in the case a stipulation that the plaintiff "consents to a mandatory *pro-rata* reduction in the total damages which might be awarded the Plaintiff."

At common law, a release by the injured party of one of several joint tortfeasors released all. The Uniform Act, of course, changed this. But this Court has held both before [1] and since [2] the passage of the Uniform Act that if several persons be involved in an accident and one of those persons, who has been guilty of no negligence, obtains for himself alone a release from the injured party, it does not affect the liability of the others.

Section 20 of the Uniform Act provides that, "(a) 'Joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.

"(b) 'Injured person' means any person having a claim in tort for injury to person or property."

The act does not specify the test of liability. Clearly, something short of an actual judgment will suffice; we think it equally clear that a denial of liability will not.

In our present case, the provisions of the Uniform Act may vitally affect the amount of any judgment that the plaintiff may recover against Swigert. For instance, if the plaintiff's damages be assessed at $4,000 and if the provision of section 23 requiring a reduction in the amount of the consideration paid for the release be applied, the judgment to be entered against Swigert will be $500. If we assume that plaintiff's damages will be determined to be $8,000 and if the *pro rata* reduction authorized in the release be applied, the judgment then entered against Swigert will be $4,000. But, under the Maryland law as stated above, in order for Swigert to be certain that he will obtain these reductions, it is necessary that negligence on the part of Welk contributing to the injuries must be shown in one manner or another.

We are cited the case of *Raughley v. Delaware Coach Co.,* 91 A. 2d 245, decided by the Superior Court of Delaware in

---

1. *Elling v. Travers,* 162 Md. 597, 604, 605, 160 A. 789; *Dairy Corp. v. Brown,* 169 Md. 257, 265, 181 A. 468; *Yellow Cab Co. v. Bradin,* 172 Md. 388, 395, 191 A. 717; *Carroll v. Kerrigen,* 173 Md. 627, 632, 633, 634, 197 A. 127.

2. *Md. Lumber Co. v. White,* 205 Md. 180, 199, 200, 107 A. 2d 73.

1952. While it has some analogy to the case at bar, it is easily distinguishable both on the facts and on most of the questions determined. There, the plaintiff, a passenger on a bus of the Coach Co., sued it, the operator of its bus and the B. and O. Railroad Co. (called B. and O.) for injuries resulting from a collision between the bus and a train of B. and O. It will be noted the Coach Co. was one of the original defendants and not a third party defendant as in our case. The Coach Co. obtained a release for itself and its operator from the plaintiff for the sum of $20,000. This release complied with the provisions of the Uniform Act, and B. and O. pleaded the release as a complete bar to any right of the plaintiff against it, and then moved for a summary judgment. The plaintiff filed a motion to strike certain of B. and O.'s defenses or, in the alternative, for summary judgment. The Court held that the release did not constitute an absolute bar to the plaintiff's right of recovery from B. and O., unless the jury assessed the plaintiff's damages at $20,000 or less; but, if the damages were determined to be $20,000 or less, under section 23 (reference being made to Maryland section numbers for convenience), the plaintiff would not be entitled to judgment against B. and O., because that section requires the injured person's claim to be reduced in an amount at least as great as the consideration paid for the release. In denying the defendant's motion for a summary judgment, the Court further stated that section 24 protects and preserves the right of any remaining defendant to collect contribution from the one released, unless the release provides for a reduction to the extent mentioned in said section. The opinion failed to consider specifically the effect of negligence *vel non* of the party released upon the amount the plaintiff may be entitled to recover against the other defendant; but, apparently, thought it was immaterial, and held that the release called for automatic reductions in accordance with the Uniform Act, without the necessity of showing negligence on the part of the person released.

In a recent case, *Davis v. Miller*, 123 A. 2d 422 (1956), decided by the highest Court of Pennsylvania, a jurisdiction that had held as this Court has that where there is no joint

tort, a release of one not shown to be liable does not release a tortfeasor,[3] the facts presented an issue almost identical to the one in this case. There, the plaintiffs were passengers in a car driven by one Mary Richardson. A collision occurred between her car and one operated by the defendant, Miller. The plaintiffs sued Miller for damages, and he impleaded Richardson. Subsequent pleadings revealed Richardson had obtained from Miller a general release, and from the plaintiffs a release under the Pennsylvania Uniform Act that corresponds to our section 24. Richardson contended that since she had been released from liability to all of the plaintiffs and to the defendant, there was no one who could recover from her, and, therefore there was no reason why she should be forced to continue in the case. The lower Court released her, but the Supreme Court of that State reversed, and in its opinion stated:

"It is therefore clear that an important factor in the determination of the amount of damages that Miller may be required to pay to plaintiffs is whether or not Mary Richardson would also have been liable to them had they not released her,—in other words, whether she was a joint tortfeasor with Miller. If such she was, then, under the Act and the terms of the releases which plaintiffs gave her, they can recover from Miller only his pro rata share, in this case half, of the amount to which they otherwise would have been entitled; if, on the other hand, she was not a joint tortfeasor, the releases given her by plaintiffs would not inure to Miller's benefit. * * * Therefore, although Miller cannot recover contribution from the additional defendant, he does have an extremely valuable right in retaining her in the case, because, if the jury should find her to be a joint tortfeasor, his liability to plaintiffs would be cut in half. Her continuance in the case is therefore necessary, even though no recovery can be had

---

3. *Koller v. Penns. R. Co.* (Pa.), 40 A. 2d 89.

"against her either by plaintiffs or by defendant, in order to determine the amount of damages that defendant may be obliged to pay plaintiffs in the light of the situation created by their releases of the additional defendant's liability."

The later case of *Daugherty v. Hershberger* (Pa.), 126 A. 2d 730, is not in point, because, in that case, the impleaded defendant remained as a party and was found to be guilty of negligence.

We conclude that the rule laid down in the *Davis* case is the proper one. It would create a somewhat incongruous procedural situation to have a party to a case completely dismissed and leave the question of his negligence yet to be determined. Of course, as there can be no recovery by the plaintiff or Swigert against him, whether or not Welk wishes to participate actively in the trial is a matter left for his selection. While we know of no statute or rule of court that specifically directs the procedure to be followed by the trial Court in having the question of Welk's negligence determined, it is certain that within the scope of the present rules of court an easy and practical method is afforded.

> *Judgment reversed, with costs, and case remanded for further proceedings consistent with this opinion.*