**Eunice M. NEIGHBOURS, Executrix of the Estate of David Lee Neighbours, Deceased,**

v.

**HARLEYSVILLE MUTUAL CASUALTY COMPANY.**

**Civ. No. 10104.**

United States District Court
D. Maryland.

Jan. 23, 1959.

M. King Hill, Jr., and Herbert F. Murray, Baltimore, Md., for plaintiff.

Julius G. Maurer and Stanley R. Bossard, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

This action on an automobile liability policy is before the court on various motions filed by plaintiff executrix and by defendant Harleysville.

The following facts are alleged in the amended complaint. On or about June 18, 1957, Sanders Motor Company of Emmittsburg, Maryland, permitted Charles Roland Hubbard to take a 1953 automobile owned by it for the purpose of test-driving it in anticipation of its purchase, without restriction as to who might drive the automobile. On the evening of June 18 Hubbard and David Lee Neighbours, Hubbard's friend and employer, were test-driving the automobile; while it was being operated by Neighbours and due to his negligence and carelessness it went off the highway, struck an electric power pole, and both Neighbours and Hubbard were killed.

Defendant disputes the allegation that Sanders imposed no restriction as to who might drive the automobile and disputes the allegation that Neighbours was driving at the time of the accident.

It appears from answers to interrogatories filed by the respective parties that Sanders had a garage liability policy issued by defendant Harleysville, in the usual form, which contained an omnibus clause by which "the insured" was defined to include "any person while using an automobile covered by this policy and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission". The Harleysville policy contained the customary pro rata clause: "if the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

Neighbours owned a 1956 Oldsmobile. Nationwide Mutual Insurance Company

had issued to him a liability policy covering that automobile, which extended coverage to him while he was operating a private passenger automobile not owned by him. The Nationwide policy provided that the coverage afforded to Neighbours while driving such other automobile "shall be excess over any other collectible insurance against such loss".

The complaint further alleges that after the accident due notice thereof was given to Harleysville in accordance with the terms and conditions of its policy, but that Harleysville refused to assume any liability under its policy to the plaintiff as executrix of David Lee Neighbours, despite demand upon it to do so. Following that refusal, plaintiff executrix negotiated a settlement of the claim made against the estate of David Lee Neighbours by the widow and infant children of Charles Roland Hubbard, and paid $9,500 to them or on their behalf. Appropriate releases were taken to release the estate and all other persons, firms or corporations who might be liable. Demand has been made upon defendant Harleysville to repay the plaintiff executrix the amount so paid in settlement but defendant has refused to pay.

It appears from the answers to interrogatories that the money to make the settlement was advanced by Nationwide under a "Loan Receipt", which provides that the $9,500 is repayable only in the event and to the extent that any recovery may be made by the executrix from Harleysville, and the executrix pledged to Nationwide whatever she might recover from Harleysville.

Defendant Harleysville has filed an amended answer to the amended complaint wherein it sets up eleven defenses, of which the fifth defense is not being pressed and certain other defenses overlap or duplicate each other. Plaintiff has moved to strike certain defenses and defendant has asked leave to make Nationwide a party plaintiff.

■ Plaintiff executrix has also moved the court to hear and determine in advance of trial a question of law, namely, whether the policies issued by Harleysville and Nationwide to their respective assureds, Sanders Motor Company and David Lee Neighbours, provided primary or excess coverage for any liability of Neighbours as a result of the accident, reserving for determination at the trial the question whether the Harleysville policy extended any coverage to Neighbours under all the circumstances. This point can be disposed of briefly because it was recently decided by the Fourth Circuit. If the Jury determines that the Harleysville policy extended coverage to Neighbours under the circumstances here involved, then the policy issued by Harleysville provided primary coverage and the policy issued by Nationwide provided excess coverage. American Surety Co. of New York v. Canal Insurance Co., 4 Cir., 258 F.2d 934. See also Export Leaf Tobacco Co. v. American Insurance Co., 4 Cir., 260 F. 2d 839, 845; Citizens Casualty Co. of New York v. Allied Mutual Ins. Co., 217 Md. 494, 144 A.2d 73.

■ Harleysville's contention that Nationwide and the executrix were volunteers in settling the Hubbard claim without defending those claims to judgment cannot be disposed of on motion. The complaint alleges that after due notice and demand Harleysville refused to assume any liability under its policy. This allegation is denied. If it is proved, the general rule stated in 142 A.L.R. 810, 812, will apply: "Where a liability insurer denies liability for a claim asserted against the insured and refuses to defend an action therefor, it is generally held that the insured is released from a provision of the policy against settlement of claims without the insurer's consent, and from a provision making the liability of the insurer dependent on the obtaining of a judgment against the insured; and that under such circumstances, the insured may make a reasonable compromise or settlement without losing his right to recover on the policy."

372

Swigert v. Welk, 213 Md. 613, 133 A. 2d 428, and other cases cited by defendant were actions for contribution, and not like the case at bar.

■ Defendant alleges that Hubbard was guilty of negligence contributing to the accident and that his negligence is a bar to plaintiff's claim in this case. Hubbard's contributory negligence, if any, would not be an absolute defense to this case, although facts tending to prove such contributory negligence may be offered in evidence at the trial on the question whether the settlement made by plaintiff executrix was reasonable.

■ It is immaterial that plaintiff executrix did not obtain the approval of the settlement by the Orphan's Court in which her husband's estate was being administered. Art. 93, sec. 286, Ann. Code of Md. (1957) is intended for the benefit of creditors and beneficiaries of the estate, and not for the benefit of insurers who have denied liability.

■ Whether the executrix breached any of the policy provisions which are a prerequisite to recovery can only be determined at the trial. The fact that the money to effectuate the settlement was loaned to her by Nationwide is not a defense in this case. Loan receipt arrangements are customary in Maryland, and the practice has recently been approved by the Fourth Circuit. Export Leaf Tobacco v. American Ins. Co., 260 F.2d at page 847. See also Luckenbach v. W. J. McCahan Sugar Ref. Co., 248 U.S. 139, 148, 39 S.Ct. 53, 63 L.Ed. 170.

■ Whether, under these circumstances, Nationwide should be joined as a party plaintiff is not free from doubt. At an earlier stage of this case Judge Chesnut overruled a motion to dismiss the complaint based upon defendant's contention that plaintiff executrix was not the real party in interest. However, it presently appears from plaintiff's answers to interrogatories that under the loan receipt any recovery herein will be payable to Nationwide as "pledgee". Under these circumstances, although there are authorities looking the other way, the interest of Nationwide in the action should be shown. Rules 17, 19(a) and 21, F.R.Civ.P., 28 U.S.C.A.; United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 381-382, 70 S.Ct. 207, 94 L.Ed. 171; Poleski v. Moore-McCormack, Lines, D.C.D.Md., 21 F.R.D. 579, 582, Cf. 2 Barron & Holtzoff, Federal Practice and Procedure, sec. 482, and cases cited, n. 39. As this court said in the Poleski case: "Under the Federal Rules it is better practice to make the insurance carrier an additional party plaintiff, and not to enter the case to its use. United States v. Aetna Casualty & Surety Co., supra. However, the practice in the Maryland state courts is to enter the case to the use of the insurance carrier, and counsel who practice on both sides of Calvert Street generally follow that practice in this court. Either method of complying with the rule is sufficient."

Counsel will prepare and submit an appropriate order.