**Henry J. WINKLER, Third Party Defendant Below, Appellant,**

v.

**Joseph P. BALENTINE, Third Party Plaintiff Below, Appellee.**

Supreme Court of Delaware.

May 26, 1969.

Robert B. Walls, Jr., Wilmington, for third party defendant below, appellant.

Roger Sanders and Wayne N. Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, for third party plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal arises from an automobile negligence case in which the third party defendant claims collateral estoppel as a defense against the claim for contribution made by the third party plaintiff. The question for decision is whether the doctrine of collateral estoppel applies.

The two automobiles involved in the accident were operated by Henry J. Winkler and Joseph P. Balentine. Lawrence P. Maucher and James E. Welch were passengers in the Winkler automobile and they both sustained injuries. Maucher sued Balentine who brought a third party action against Winkler for contribution under our Uniform Contribution Among Tortfeasors Law, 10 Del.C. §§ 6301–6308,[1] charging Winkler with wanton conduct under the Guest Statute.[2] Thereafter, Maucher sued Winkler directly, alleging wanton conduct; and Winkler thereupon brought a third party action against Balentine for contribution under the Law.

On the morning of the commencement of the Maucher trial, the Trial Judge and Winkler's attorney learned that Maucher and Balentine had made a settlement; that Balentine had obtained a release which inured to the benefit of Balentine only and not to Winkler, containing the following provision:

"Lawrence P. Maucher and Mary J. Maucher relieve Joseph P. Ballentine from liability to make contribution to any other joint tortfeasor by agreeing that any damages that may be recoverable by

consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

"(b) A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another joint tortfeasor unless the release is given before the right of the other tortfeasor to secure a money judgment for contribution has accrued, and provides for a reduction, to the extent of the pro rata share of the released tortfeasor, of the injured person's damages recoverable against all the other tortfeasors."

---

1. The pertinent portions of the Law are the following:
   "§ 6302. Right of contribution; accrual; pro rata share
   "(a) The right of contribution exists among joint tortfeasors.
   "(b) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.
   "(c) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement.
   "(d) When there is such a disproportion of fault among joint tortfeasors as to render inequitable an equal distribution among them of the common liability by contribution, the relative degrees of fault of the joint tortfeasors shall be considered in determining their pro rata shares."
   "§ 6304. Release of one joint tortfeasor
   "(a) A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasor unless the release so provides; but reduces the claim against the other tortfeasors in the amount of the

2. 21 Del.C. § 6101(a) provides:
   "§ 6101. Injury to non-paying guest; exceptions as to passengers of public carriers and prospective purchasers of vehicles
   "(a) No person transported by the owner or operator of a motor vehicle * * * as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

Lawrence P. Maucher and Mary J. Maucher against any other joint tortfeasor, shall be reduced to the extent of the pro-rata share of Joseph P. Ballentine as is provided in 10 Del.C. § 6304(b)."

Before the trial commenced, Ballentine's attorney advised the Trial Court that, by reason of the settlement and release, he did not intend to remain and he sought leave to withdraw from the trial. The Trial Judge refused to excuse Ballentine as a party in the case because of Winkler's claim against Ballentine for contribution. The Court stated, however, that it had no objection to counsel's withdrawal from the trial after the impaneling of the jury. Ballentine remained a party in the cause and he testified as a witness; but his attorney departed and did not participate in the trial further. The jury found that Winkler was not guilty of wanton conduct which was a proximate cause of the accident. Accordingly, judgment was entered in favor of Winkler on Maucher's claim against him.

Sometime later, the other passenger, Welch, brought the instant action against Ballentine for personal injuries resulting from the accident. Again, Ballentine brought a third party action against Winkler for contribution, alleging wanton conduct. Winkler moved for summary judgment, claiming the benefits of the doctrine of collateral estoppel in that the issue of his wanton conduct had been decided previously in the Maucher case. The Superior Court denied summary judgment and Winkler appeals.

■ For orientation purposes, it may be stated that where a question of fact has been actually litigated by the parties and determined by a valid and final judgment, that determination is conclusive between the parties in a subsequent case on a different cause of action. In such situation, by virtue of the doctrine of collateral estoppel, a party is estopped from relitigating the issue again in a subsequent case. E.g.,

Tyndall v. Tyndall, Storey, 238 A.2d 343, 346 (1968).

■ Winkler's insurmountable difficulty in establishing his claim to the benefits of the doctrine against Ballentine is that the issue of Winkler's wanton conduct was not litigated in the Maucher case by Ballentine. After the settlement and release, Ballentine was properly retained as a party in the trial of the Maucher case for one purpose only: the reduction under § 6304(b) of Ballentine's pro-rata share from any damages recoverable by Maucher against Winkler. After the settlement and release, Ballentine had nothing to gain or lose in the trial of the Maucher case; he was out of the case as a party to all intents and purposes, except for the determination of the amount of damages recoverable by Maucher against Winkler under the reduction of pro-rata share provision of § 6304(b). These are the reasons: By virtue of the release, Maucher could not recover from Ballentine. By virtue of § 6302(b), Ballentine could not recover contribution from Winkler. And by virtue of § 6304(b) and the timing and language of the release, Ballentine was relieved from liability to make contribution to Winkler. It follows that Ballentine had no interest as a party in the Maucher trial, except for the benefit of Winkler under § 6304(b). Compare Davis v. Miller, 385 Pa. 348, 123 A.2d 422 (1956); Swigert v. Welk, 213 Md. 613, 133 A.2d 428 (1957).

We conclude that since Ballentine was not a real party in interest in the Maucher trial, and since the issue of Winkler's wanton conduct was not litigated by Ballentine in that trial, it cannot be said that the trial of that issue in the instant case will amount to a retrial thereof by Ballentine. Accordingly, the doctrine of collateral estoppel may not be invoked here against Ballentine as to that issue. United States et al. v. United Airlines, Inc., 216 F.Supp. 709 (D.C.Wash., 1962), aff'd. 335 A.2d 379; Bernhard v. Bank of America, 19 Cal.2d 807, 122 P.2d 892 (1942). Our ruling is

confined to the availability of the doctrine of collateral estoppel *against* one not a real party to the prior litigation. We are not required to rule upon the question of whether the doctrine may be invoked *by* one not a real party to the prior litigation. See Coca-Cola Co. v. Pepsi-Cola Co., 6 W.W.Harr. 124, 172 A. 260 (1934).

Winkler relies on the assertion that, at the time of the Maucher trial, Balentine knew that the Welch suit was "lurking in the wings", citing Zdanok v. Glidden Co. (2 Cir., 1964) 327 F.2d 944. We do not think that the probability of the subsequent action by Welch alters the rule we apply or the result we reach.

The summary judgment was properly denied. Affirmed.