# CARMEN F. CHILCOTE ET UX. *v.* VON DER AHE VAN LINES ET AL.

[No. 330, September Term, 1983.]

*Decided July 7, 1983.*

The cause was argued before ALPERT and GETTY, JJ., and WILLIAM W. WENNER, Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Alfred E. Clasing, III,* for appellants.

*E. Dale Adkins, III,* with whom were *Anderson, Coe & King* on the brief, for appellee Von Der Ahe Van Lines. *Allen W. Cohen* and *Goodman, Cohen & Bennett, P.A.* on the brief, for appellee Amos E. Webb.

ALPERT, J., delivered the opinion of the Court.

On August 26, 1978, a collision involving three motor vehicles occurred, giving rise to the instant litigation. One of the vehicles was owned and operated by Carmen Chilcote, the second owned and operated by Amos Webb, and the third vehicle owned by Von Der Ahe Van Lines and operated by its agent, servant and employee, Eiber Vincent, Jr. Carmen Chilcote and his wife, Gloria May Chilcote, appellants herein, filed suit in the Circuit Court for Queen Anne's County against Von Der Ahe, Vincent, and Webb, claiming that all three were liable for appellants' losses. Von Der Ahe thereupon filed a crossclaim against Webb.

Appellants executed a Joint Tortfeasor Release in favor of Webb on or about May 25, 1982, releasing him in exchange for $18,500. The relevant portion of that release is set forth in a footnote below.[1] Consequently, appellants dismissed their claims against Webb, although Webb still remained in the action as a cross defendant.

---

1. For the sole consideration of Eighteen Thousand Five Hundred ($18,500.00) Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Amos Edward Webb, Jr., his heirs, executors, administrators, agents, successors

A jury trial was held and on November 9, 1982 the jury returned special verdicts that both Vincent and Webb operated their vehicles in a negligent manner, proximately causing the appellants' losses and awarded damages of $85,000 to Carmen Chilcote and $25,000 to Carmen and Gloria May Chilcote for loss of consortium. When the trial judge considered the effect of Webb's release on the verdicts, he ruled that the awards were to be reduced by 50%. Appellants had contended that the verdicts should have been reduced by either the consideration paid for the release ($18,500) or by one-third. Final judgment in the case was entered on February 3, 1983 in favor of Carmen Chilcote against Von Der Ahe Van Lines,[2] and Eiber Vincent, Jr. in

and assigns except Eiber Vincent, Jr. and Von Der Ahe Van Lines, none of who [sic] admit any liability to the undersigned but all expressly deny any liability from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person or property, which have resulted, or may, in the future, develop from an auto accident which occurred on or about the 26th day of August, 1978, on State Route 896, a public highway in New Castle County, Delaware.

It is further agreed by the undersigned, Carmen F. Chilcote and Gloria May Chilcote, that any right of the undersigned to recover damages from Eiber Vincent, Jr. and Von Der Ahe Van Lines on account of the accident hereinabove described, be, and it hereby is, reduced to the extent of the pro rata share of Amos E. Webb, Jr. of the damages of the undersigned recoverable against Eiber Vincent, Jr. and Von Der Ahe Van Lines should Amos E. Webb, Jr. be found jointly liable with them.

It is further understood and agreed that this release is given and taken pursuant to the provisions of the Uniform Contribution Among Tortfeasors Act being Article 50, Section 16, *et seq.,* of the Annotated Code of Maryland, and that it is the intention of the undersigned not only to release any and all claims against Amos E. Webb, Jr. on account of the accident hereinabove described but also to relieve the said Amos E. Webb, Jr. from any liability to make contribution to Eiber Vincent, Jr. and Von Der Ahe Van Lines on account of said accident or on account of the pending litigation between the undersigned as plaintiffs and Amos E. Webb, Jr., Eiber Vincent and Von Der Ahe Van Lines as defendants.

The undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement as against the party herein released of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims against the party herein released arising out of the aforesaid accident.

2. By agreement of the parties, Von Der Ahe Lines' liability is based solely upon principles of vicarious liability, there being no evidence at trial that they were in any way directly negligent or otherwise liable to the appellants.

the amount of $42,500 and in favor of Carmen Chilcote and Gloria May Chilcote against Von Der Ahe Van Lines and Eiber Vincent, Jr. in the amount of $12,500. An appeal was noted and the parties have filed, pursuant to Maryland Rule 1029, a joint election for an expedited appeal.

Appellants ask two questions of this Court:

1. What is the legal effect on the verdicts of the joint tortfeasor's release given by appellants to Amos E. Webb? and
2. Did the trial court err in reducing the jury verdicts in favor of appellants by one-half?

Perceiving no error in the lower court proceedings, we shall affirm the judgment of that court.

## I.

Md. Ann. Code art. 50, § 16 *et seq.* represents the adoption in this State of the Uniform Contribution Among Tort-Feasors Act. When two or more persons are jointly or severally liable in tort for the same injury to person or property, the right of contribution exists among the two or more joint tortfeasors under the Act. The effect of a release given by the injured party to one of the joint tortfeasors on the other tortfeasors is set forth in Article 50, § 19:

> A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides; but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

Further, the effect of a release given by the injured party to one of the joint tortfeasors on the right of contribution is codified in Article 50, § 20:

> A release by the injured person of one joint tort-feasor does not relieve him from liability to make contribution to another joint tort-feasor unless the release is given before the right of the other tort-feasor to secure a money judgment for contribution has accrued, and provides for a reduction, to the extent of the pro rata share of the released tort-feasor, of the injured person's damages recoverable against all other tort-feasors.

We recently held that § 19 applies only in those cases in which a joint tortfeasor released from liability *is not relieved* from liability to make contribution and that § 20 applies only in those cases where a joint tortfeasor released from liability to the injured person *is relieved* from liability to make contribution to another tortfeasor. *See, Martinez v. Lopez,* 54 Md. App. 414, 458 A.2d 1250 (1983). *See also, Jones v. Hurst,* 54 Md. App. 607, 459 A.2d 219 (1983).

Thus, we must initially determine whether Webb, as the released joint tortfeasor, was relieved from liability to make contribution to the other tortfeasors. Significantly, and dispositive of the question, the release stated that it was given "to relieve the said Amos. E. Webb from any liability to make contribution to any other alleged tortfeasor. . ." On this basis, we conclude that Article 50, § 20 is the operative statutory provision under which the case should be decided. We must therefore determine whether the trial judge properly interpreted the term "pro rata share" as used in that statute. Appellant's attempt to rely on the language in § 19 is entirely misplaced. Pro rata, under § 20, does not mean a reduction by the amount of consideration paid for the release as contemplated under § 19. The question of a definition of "pro rata" has been considered in the past and this Court, appellants' argument to the contrary notwithstanding, believes those prior decisions are fundamentally sound and controlling.

In *Lahocki v. Contee Sand and Gravel Co., Inc.,* 41 Md. App. 579, 398 A.2d 490 (1979), *rev'd on other grounds,* 286 Md. 714, 410 A.2d 1039 (1980), we were called upon to provide a definition of "pro rata share." Judge Lowe, after first observing that a definition of "pro rata share" was intentionally left undefined in the statute, opined:

> [W]e now hold that the term "pro rata share" as used in § 20 does, and will continue to, mean that which *Swigert* exemplified it to be, *i.e.,* in numerical shares or proportions based on the number of tortfeasors. That interpretation has been accepted and utilized, and because there is no way to determine whether it has, in fact, deterred rather than encouraged settlements, we will not upset the stability of its understood use over three decades.

41 Md. App. at 621. *See, Swigert v. Welk,* 213 Md. 613, 133 A.2d 428 (1957); *Jones v. Hurst, supra,* slip op. at 1, n.1. Appellant, however, contends that our reliance and interpretation in *Lahocki, supra,* on the decision in *Swigert, supra,* and a paper read before the Barristers Club of Baltimore on March 30, 1948 by Wendell D. Allen entitled "Joint Tortfeasors; Contribution, Indemnity and Procedure" was misplaced when considered in light of *Brooks v. Daley,* 242 Md. 185, 218 A.2d 184 (1966). We have once again reviewed our decision in *Lahocki* and find it to be well founded both in law and logic. Accordingly, we choose to follow the analysis and holding of that case as it concerns the correlation between pro rata shares and numerical shares.

## II.

Appellants have attempted to have Vincent (the agent) and Von Der Ahe (the principal) viewed as separate tortfeasors for purposes of determining the percentage by which the jury verdict should have been reduced. This issue does not appear to have been decided before in this jurisdiction. For these limited purposes, we hold that Van Der Ahe and

Vincent stand as one, and as such are accountable for but 50 percent of the fault, along with the 50 percent attributable to Webb. In this type of situation, under a *Lahocki* numerical pro rata share analysis, both the principal and agent must be counted together in determining the number of tortfeasors. Other jurisdictions which have considered the issue have reached similar results. *See, e.g, Nationwide Mutual Ins. Co. v. Philadelphia Elec. Co.*, 443 F. Supp. 1140 (E.D. Pa. 1977); *Jones v. Harrisburg Polyclinic Hospital*, 410 A.2d 303 (Pa. 1979), *rev'd on other grounds*, 437 A.2d 1134 (Pa. 1981); *Schnebly v. Baker*, 217 N.W.2d 708 (Ia. 1974); *Reese v. Henke*, 174 N.W.2d 690 (Minn. 1970); *Larsen v. Minneapolis Gas Co.*, 163 N.W.2d 755 (Minn. 1968); *Zeglen v. Minkiewicz*, 191 N.E.2d 450 (N.Y. 1963). *Accord, Wassel v. Eglowsky*, 399 F.Supp. 1330, 1370 (D.Md. 1975), *aff'd*, 542 F.2d 1235 (4th Cir. 1976).

Further, our position is supported by Section 2 of the Uniform Contribution Among Tortfeasors Act,[3] which provides:

> In determining the pro rata shares of tortfeasors in the entire liability, (a) their relative degrees of fault shall not be considered; (b) if equity requires[,] the collective liability of some as a group shall constitute a single share; and (c) principles of equity applicable to contribution generally shall apply.

The Commissioners' Comment to this Uniform Act also sheds some light on the issue:

> [This provision] invokes the rule of equity which requires class liability, including the common liability arising from vicarious relationships, to be treated as a single share. For instance, the liability of a master and servant for the wrong of the servant should in fairness be treated as a single share.

---

3. We observe that Maryland has not explicitly adopted this provision of the Uniform Act.

Unif. Contribution Among Tortfeasors Act § 2, 12 U.L.A. 87 (1955). *See also,* 18 Am. Jur. 2d *Contribution* § 56 (1965); Restatement (Second) of Torts § 886A, comment h; W. Prosser, *Handbook on the Law of Torts* (4th ed. 1971) § 50.

Therefore, when contribution among joint tortfeasors is sought, a distinction between primary and derivative liability is recognized for purposes of determining the pro rata share of contribution among the parties found liable. *See, Jones v. Harrisburg Polyclinic Hospital, supra,* 410 A.2d at 1141. Our holding in this respect is strictly limited to an Article 50, § 20 type of situation. It is no way intended to upset the fundamental and well established principle that a principal remains jointly and severally liable for the torts of his agents committed within the scope of his employment.

There was no error committed when the trial judge reduced the jury award by 50 percent.

*Judgment affirmed; appellants to pay the costs.*