Timothy S. SHERMAN, Estate of Stevenson T. Sherman, and Estate of Elizabeth Ann Sherman

v.

S. Donald SHERMAN and Irene H. Sherman.

Civ. No. L–91–294.

United States District Court, D. Maryland.

Aug. 27, 1992.

Stuart Jay Robinson, and John Kane, Bel Air, Md., for plaintiffs.

Karen Leslie Jones, Bel Air, Md., for defendants.

## MEMORANDUM

LEGG, District Judge.

Now before the Court are cross-motions for partial summary judgment on Policy No. 37 017 139 ("the policy")[1] filed by realigned plaintiffs[2] Estate of Stevenson T. Sherman, Timothy S. Sherman and Estate of Elizabeth Ann Sherman ("the Shermans") and realigned defendants S. Donald Sherman and Irene H. Sherman ("defendants").[3] The parties' dispute centers upon (i) whether Stevenson T. and Elizabeth Ann

Sherman died simultaneously, (ii) whether a clause contained in Stevenson T. Sherman's and Elizabeth Ann Sherman's wills addressing the possibility of simultaneous death ("simultaneous death clause") applies to the distribution of the policy, and (iii) whether Timothy S. Sherman is barred by the Maryland slayer's rule from receiving the policy proceeds. Having considered both the parties' written and oral argument, the Court must deny both motions.

## I. FACTS AND PROCEDURE .

On September 15, 1979, Stevenson T. Sherman purchased Policy No. 37 017 139, a $50,000.00 life insurance policy from New York Life Insurance Company ("NYL"). Mr. Sherman's wife, Elizabeth Ann Sherman, was designated as primary beneficiary, his only child, Timothy S. Sherman, as second beneficiary, and his parents, S. Donald Sherman and Irene H. Sherman, as joint third beneficiaries.

On the night of October 12, 1987, Stevenson T. Sherman and Elizabeth Ann Sherman were shot to death while asleep in their home. On June 7, 1988, Timothy S. Sherman was convicted of first-degree murder for both murders. *See Sherman v. Robinson*, 319 Md. 445, 573 A.2d 34, 35 (1990).

On February 28, 1992, this Court held a hearing addressing, *inter alia*, the merits of the instant motions.[4] After hearing the parties' arguments, the Court allowed them a final opportunity to brief the Court as to three particular issues: (i) whether there exists any case law to support the Shermans' argument that a simultaneous death

---

**1.** As originally filed, the Shermans' motion for partial summary judgment made reference to Policy No. 27 017 139. For purposes of ruling on this motion, the Court will refer to the policy by its correct identifying number, namely, 37 017 139.

**2.** This action was initially filed as an action for interpleader by plaintiff New York Life Insurance Company ("NYL"). Pursuant to an order dated March 16, 1992, this Court granted NYL's demand for interpleader, discharged NYL and realigned the parties to appoint Timothy S. Sherman, the Estate of Stevenson T. Sherman and Estate of Elizabeth Ann Sherman as plain-

tiffs and Donald S. Sherman and Irene H. Sherman as defendants. *See New York Life Insurance Company v. Sherman*, Civil No. L–91–294, Order (D.Md. March 16, 1992) (Legg, J.).

**3.** The Court notes that a response was filed to the Shermans' motion for partial summary judgment by former plaintiff New York Life Insurance Company ("NYL"). Therein, NYL stated that it did not oppose the distribution proposed by the Shermans. Because NYL is no longer a party to this action, its response need not be considered further.

**4.** All parties participated by telephone.

clause contained in both wills controls the distribution of the policy proceeds; (ii) whether the slayer's rule operates herein to prevent Timothy S. Sherman from receiving policy proceeds; and (iii) whether all legal remedies applicable to Timothy S. Sherman's appeal have been exhausted, thereby making his conviction final. The parties have submitted letters addressing these issues.

## II. DISCUSSION

### A. Summary Judgment Arguments

The Shermans maintain that the proceeds of the policy should be distributed to the Estate of Elizabeth Ann Sherman. In support of this contention, the Shermans note that (i) Elizabeth Ann Sherman was the primary beneficiary under the policy, (ii) the simultaneous death clause contained in both of the wills executed by Stevenson T. and Elizabeth Ann Sherman provide that in the event the two died simultaneously, Elizabeth Ann Sherman was deemed to be the survivor, and (iii) Timothy S. Sherman, the second named beneficiary under the policy, has executed a waiver of interest in the policy in favor of Elizabeth Ann Sherman.

Additionally, in a response to defendants' cross-motion, the Shermans attempt to raise an issue of fact regarding whether Stevenson T. and Elizabeth Ann Sherman died simultaneously. As noted at the hearing, this Court found that the evidence raised by the Shermans was speculative at best and not sufficient to assert an issue of material fact.

Defendants assert that Stevenson T. Sherman and Elizabeth Ann Sherman died simultaneously. They argue that, as a matter of law, the wills' simultaneous death clause has no significance with respect to the insurance policy proceeds because they are not probate assets and as such pass outside of the will. Defendants note that both wills (which were executed more than eight months after Stevenson T. Sherman purchased the policy), contain specific language stating that survivorship is

designated solely "for the purposes of this my Will." Accordingly, defendants argue that Stevenson T. and Elizabeth Ann Sherman did not intend for this clause to control distribution of property outside of their wills.

Defendants argue further that the issue of who should be the proper beneficiary of the policy is controlled by application of the Maryland Uniform Simultaneous Death Act. *See* Md.Cts. & Jud.Proc.Code Ann. § 10–801, *et seq.* (1991). Defendants specifically cite the Court to section 10–804 which provides:

> Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died other than simultaneously, the proceeds of the policy shall be distributed as if the insured had survived the beneficiary.

Defendants argue that, based upon section 10–804, they are entitled to receive the proceeds of the policy. In support of this argument, they submit that (i) under section 10–804, Stevenson T. Sherman is deemed to be the survivor of his primary beneficiary, Elizabeth Ann Sherman, (ii) under common law, the second beneficiary, Timothy S. Sherman, is barred by the slayer's rule from receiving the insurance proceeds and that he is further barred because he waived his interest therein, and (iii) the proceeds therefore should be distributed to defendants as the joint third beneficiaries.

Finally, in their capacity as officers of the court, defendants also refer the Court to section 10–805 which applies in cases wherein conflicting provisions were made by a decedent.[5] Defendants argue, however, that because the language of the decedents' simultaneous death clause clearly contemplates property passing solely through the estates, section 10–805 cannot control the instant case.

### B. Analysis

■ Set forth as Item Six in both wills, the two simultaneous death clauses are

---

**5.** Section 10–805 provides:
This subtitle shall not apply in the case of wills, living trusts, deeds, or contracts of in-

surance where provision has been made for distribution of property different from the provisions of this subtitle.

worded almost identically, with the exception of the insertion of respective names or titles. Item Six of Stevenson T. Sherman's will provides:

> If my wife, Ann Gibson Sherman, and I shall die simultaneously, or under circumstances· which make it difficult to determine which of us died first, I direct that I shall be deemed to have predeceased my wife for the purposes of this my Will. I direct that the presumption herein established shall apply with equal force and effect to any property owned by my wife and me jointly or as by tenants by the entirety.

Last Will and Testament of Stevenson Thomas Sherman. Similarly, Item Six of the Last Will and Testament of Ann Gibson Sherman provides:

> If my husband, Stevenson Thomas Sherman, and I shall die simultaneously, or under circumstances which make it difficult to determine which of us died first, I direct that I shall be deemed to have survived him for the purposes of this my Will. I direct that the presumption herein established shall apply with equal force and effect to any property owned by my husband and me jointly or as tenants by the entirety.

Last Will and Testament of Ann Gibson Sherman.

The success of the Shermans' summary judgment motion depends upon a finding that the above clause, which clearly embraces distribution of assets probated under the decedents' wills, also controls with respect to distribution of insurance proceeds under the policy. During the February 28, 1992 hearing, this Court expressed doubts as to the viability of this argument and ordered further briefing on this issue. Nonetheless, the Shermans have submitted no authority to support their theory.[6] Indeed, their only argument against application of section 10–804 is the somewhat tortuous assertion that although the strictest reading of Section 10–804 would "eliminate" Elizabeth Ann Sherman from receiving the proceeds, a "broader reading in

which the insurance policy and the wills are seen in the context of the marriage contract would yield a different result." Letter of March 18, 1992. The Court finds this argument to be overly vague and without merit.

As read within the context of the wills, the Court finds that the wording of the simultaneous death clause is clear and unambiguous, reflecting the decedents' express intent that the clause apply only "for purposes of [the] Will." An independent search by this Court has not found any case law to support the Shermans' argument that the clause should apply to the distribution of insurance proceeds, which have traditionally remained separate from probate. Even were such case law available, however, the Court finds the language of the simultaneous death clause sufficiently unambiguous to restrict its application solely to assets governed by the decedents' wills. · See, e.g., Buchwald v. Buchwald, 175 Md. 103, 199 A. 795, 798 (1938).

■ Having found that the simultaneous death clause does not apply, this Court must next determine whether the second beneficiary, Timothy S. Sherman, may receive the insurance proceeds. His eligibility to receive these funds depends upon whether his conviction for his parents' murder bars him from taking under the slayer's rule.

■ The Shermans correctly note that the slayer's rule is derived from common law set forth in a trilogy of cases. See Ford v. Ford, 307 Md. 105, 512 A.2d 389, 390 (1986), citing Schifanelli v. Wallace, 271 Md. 177, 315 A.2d 513 (1974); Chase v. Jenifer, 271 Md. 177, 315 A.2d 513 (1958); Price v. Hitaffer, 164 Md. 505, 165 A. 470 (1933); see also Sherman v. Robinson, 573 A.2d at 37. Under the slayer's rule, a murderer, or his heirs or representatives, may not "profit" from an intentional and felonious murder by receiving any portion of the decedent's estate or proceeds from life insurance policies. Ford, 512 A.2d at

---

**6.** The Court notes also that defendants state in their letter of March 18, 1992 that they have been unable to find any case law supporting this argument.

392–93 (citations omitted); *Johnson v. Hebb*, 729 F.Supp. 1524, 1527 (D.Md.1990).

The above rule notwithstanding, this Court remains cognizant that under Maryland law, "even though a beneficiary is convicted of criminal homicide, the trier of fact in the civil case applying the slayer's rule must determine independently whether the homicide was felonious and intentional." *Johnson*, 729 F.Supp. at 1525.[7] As such, in order to apply the slayer's rule against Timothy S. Sherman, this Court must review the pertinent facts of the instant matter and make a *de novo* finding as to whether Timothy S. Sherman killed his parents feloniously and intentionally. Such a finding may be made by a preponderance of the evidence. *Id.* at 1526. If, however, this Court finds cause to determine that the murders of Stevenson T. and Elizabeth Ann Sherman were unintentional, or even grossly negligent, or that Timothy S. Sherman lacked intent because of insanity, then the slayer's rule will not apply. *See id.,* citing *Schifanelli*, 315 A.2d at 519. Regardless of whether the criminal convictions of Timothy S. Sherman are final for purposes of appeal, they have no preclusive effect in this civil proceeding.

The Court finds that in light of the above standard of review, the parties' summary judgment motions have not fully addressed the issue of whether the slayer's rule operates herein to bar Timothy S. Sherman from receiving the proceeds of the policy. Clearly, for purposes of this civil matter, material factual issues concerning Timothy S. Sherman's alleged role in the death of his parents remain; under Fed.R.Civ.P. 56, summary judgment is precluded. Accordingly, both motions for summary judgment must be denied.

---

**7.** This principle is further summarized in *Ford:*

> The disposition of a criminal cause is not conclusive of the character of the homicide or of the criminal agency of the putative killer in a civil proceeding concerning entitlement to assets of the decedent.
>
> a) It *is not dispositive that no criminal* prosecution was brought against the alleged killer, or that charges against him were dismissed on constitutional, statutory or procedural grounds or otherwise, or that upon a criminal trial he was found not guilty for whatever reason, or was convicted of murder in the first or second degree or of manslaughter.
>
> b) In the determination of who is entitled to the assets of the decedent, whether the alleged killer was the criminal agent and whether the homicide was intentional and felonious or unintentional is a function within the ambit of the civil proceeding. In short, the lack of or result of a criminal proceeding is not res judicata in a subsequent civil action.
>
> 512 A.2d at 392–93.